UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>v. )<br>)<br>COSMO CORIGLIANO. )<br>)<br>) | No. 3:02CR379 (AHN)<br>March 22, 2007 |

**MEMORANDUM IN SUPPORT OF MOTION TO RESTORE THIS MATTER TO THE ACTIVE DOCKET FOR THE LIMITED PURPOSE OF PERMITTING MR. FORBES TO INTERVENE AND OBTAIN PUBLIC ACCESS TO COURT RECORDS**

Intervenor Walter A. Forbes respectfully submits this Memorandum in support of his motion to restore this matter to the active docket for the limited purpose of permitting him to intervene and obtain public access to Court records.

On January 26, 2007, the government filed two motions with this Court under seal. (Docket Nos. 25 & 27). Based upon statements in Mr. Corigliano's Sentencing Memorandum, Docket No. 24, and the transcript of Mr. Corigliano's sentencing, Mr. Forbes understands that the first of the pleadings is itself the motion to file under seal, and the second pleading is a motion seeking a downward departure from the Sentencing Guidelines range for Mr. Corigliano because of his purported "substantial assistance" to the government (hereinafter referred to as the "government's 5K1.1 Motion"). There is no basis for filing these motions under seal, and Mr. Forbes respectfully requests that the pleadings be unsealed pursuant to the constitutional and common law public right of access to judicial records.

Oral Argument Requested

## ARGUMENT

I.  THE PUBLIC HAS BOTH A CONSTITUTIONAL AND COMMON LAW RIGHT TO ACCESS JUDICIAL PROCEEDINGS AND RECORDS IN THOSE PROCEEDINGS.

The United States Supreme Court has held that the First Amendment guarantees the public and the press a right to attend judicial proceedings and to inspect judicial records associated with those proceedings. See Richmond Newspapers, Inc. v. Virginia, 448 U.S. 555, 580 (1980) (recognizing the First Amendment right to attend criminal trials); Globe Newspaper Co. v. Superior Ct., 457 U.S. 596, 609 (1982) (same); Press-Enterprise Co. v. Superior Court (Press-Enterprise I), 464 U.S. 501, 510 (1984) (recognizing the First Amendment right to inspect the transcript of a voir dire hearing); Press-Enterprise Co. v. Superior Court (Press-Enterprise II), 478 U.S. 1, 14 (1986) (recognizing the First Amendment right to inspect the transcript of a preliminary hearing); El Vocero de Puerto Rico v. Puerto Rico, 508 U.S. 147, 150-51 (1993) (per curiam) (recognizing the First Amendment right to attend a preliminary hearing). The Court has emphasized that this First Amendment right of open access is critical, among other reasons, "to ensure that th[e] constitutionally protected discussion of governmental affairs is an informed one." See Globe Newspaper, 457 U.S. at 604-605.

The Second Circuit has recognized that this constitutional right of public access applies to both plea and sentencing hearings, as well as the documents submitted in connection therewith. See United States v. Alcantara, 396 F.3d 189 (2d Cir. 2005) (plea and sentencing hearings should have been on the public record); United States v. Haller, 837 F.2d 84 (2d Cir. 1988) (while paragraph of plea

agreement implicating grand jury proceedings could be redacted and filed under seal, remainder of plea agreement should be publicly available). At least two courts have applied this standard to deny requests that motions filed in connection with a request for reduction in sentence be sealed – one where the motion was filed pursuant to U.S.S.G. 5K1.1, United States v. Raybould, 130 F. Supp.2d 829 (N.D. Tex. 2000), and one where the motion was filed pursuant to Fed. R. Crim. Proc. 35, CBS, Inc. v. United States District Court for the Central District of California, 765 F.2d 823 (9th Cir. 1985).

The public also has a common law right of access to judicial records. See, e.g., Nixon v. Warner Communs., Inc., 435 U.S. 589, 597 (1978); United States v. Graham, 257 F.3d 143, 154 (2d Cir. 2001) (recognizing "a strong presumption" of access to judicial records at common law because "the public has a legitimate interest in monitoring a court's use of [Article III] power"); Smith v. United States Dist. Ct. Officers, 203 F.3d 440 (7th Cir. 2000); Stone v. University of Md. Medical Sys. Corp., 855 F.2d 178, 180 (4th Cir. 1988) ("The common law presumes a right to inspect and copy judicial records and documents."); In re NBC, 653 F.2d 609, 612 (D.C. Cir. 1981) ("[T]he existence of the common law right to inspect and copy judicial records is indisputable . . . .").

II. THE GOVERNMENT CANNOT OVERCOME THE PRESUMPTION OF A PUBLIC RIGHT OF ACCESS IN THIS CASE.

To overcome the strong presumption of a public right of access, there must be a countervailing interest that outweighs the public's interest in access. For example, public access has been limited in order "to protect trade secrets, or the

3

privacy and reputation of victims of crimes, as well as to guard against risks to national security interests, and to minimize the danger of an unfair trial by adverse publicity." United States v. Amodeo, 44 F.3d 141, 147 (2d Cir. 1995) (quoting In re NBC, 653 F.2d 609).

The government bears the burden of demonstrating that there are countervailing interests warranting the sealing of its 5K1.1 Motion. United States v. Vazquez, 31 F. Supp.2d 85, 87 (D. Conn. 1998). In evaluating whether the government has carried its burden, the Second Circuit has stated that:

> the weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts. Generally, the information will fall somewhere on a continuum from matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance.

United States v. Amodeo, 71 F.3d 1044, 1049 (2d Cir. 1995) ("Amodeo II"). "The presumption of access is particularly strong where the materials at issue play a substantial role in determining a party's substantive rights." Vazquez, 31 F. Supp.2d at 87. Accord Amodeo II, 71 F.3d at 1049 ("An adjudication is a formal act of government, the basis of which should, absent exceptional circumstances, be subject to public scrutiny.") (quoting Joy v. North, 692 F.2d 880 (2d Cir. 1982)) (emphasis added).

The very purpose of the government's 5K1.1 Motion was to provide a basis for the Court to depart downward from the Sentencing Guidelines range otherwise applicable to Mr. Corigliano. Thus the government must show

4

"exceptional circumstances" to overcome the strong presumption of a right of public access. Although Mr. Forbes does not have access to the reasons proffered by the government for filing its motion under seal (because the motion to seal was itself improperly filed outside the purview of the public), it is difficult to conceive of any such exceptional circumstances in this case. Unlike other cases where a 5K1.1 motion might be filed under seal in order to preserve the integrity of an on-going governmental investigation, nearly nine years have passed since the disclosure of accounting irregularities at Cendant, and there is no pending investigation in this case. Nor is there a concern that the 5K1.1 motion might disclose matters occurring before the grand jury since Mr. Corigliano did not testify before the grand jury. See United States v. Haller, 837 F.2d 84, 88 (2d Cir. 1988) (affirming the sealing of one paragraph in a plea agreement in order to protect the secrecy of sensitive matters affecting a grand jury proceeding and an ongoing criminal investigation). There simply is no basis for sealing this information that would rise to the level of "exceptional circumstances."

Allowing public access to the government's 5K1.1 Motion in this matter serves the important interests that underlie the constitutional right of access.

> Although courts have a number of internal checks, such as appellate review by multi-judge tribunals, professional and public monitoring is an essential feature of democratic control. . . . Without monitoring, moreover, the public could have no confidence in the conscientiousness, reasonableness, or honesty of judicial proceedings. Such monitoring is not possible without access to testimony and documents that are used in the performance of Article III functions.

Amodeo II, 71 F.3d at 1048. The public has a right to know the role that 5K1.1 motions play in our judicial system – both with respect to the form of cooperation demanded by the government, and the effect that cooperation has on the Court's sentencing determinations. As the court explained in denying a motion to seal a 5K1.1 motion in Raybould, 130 F. Supp.2d at 833:

> Few things would cause the public to be more suspicious of our system of criminal justice than to have secret proceedings that lead to special sentencing treatment for select criminal defendants. The public has a vital interest in knowing the details of deals made between the government and criminal defendants that accomplish, or have the potential to bring about, lower punishment than otherwise contemplated by law. If those aspects of a criminal case were to be kept secret, the public and the press would have reason to question the trustworthiness of the judicial process and whether judicial and prosecutorial abuses might be occurring.

Cf. CBS, Inc., 765 F.2d at 826 ("The penal structure is the least visible, least understood, least effective part of our judicial system . . . [p]ublic examination, study, and comment is essential if the corrections process is to improve) (reversing the sealing of a motion to reduce the sentence of a cooperating witness under Rule 35 and the government's response thereto). Particularly where, as here, there are no countervailing compelling interests that justify the continued sealing of the records, public access is mandated.

## CONCLUSION

For the foregoing reasons, Mr. Forbes' motion to reopen this case for the limited purpose of intervening and obtaining public access to Court records should be granted.

Respectfully submitted,

WALTER FORBES

By: _____
Thomas J. Murphy (Bar No. ct07959)
COWDERY, ECKER & MURPHY, L.L.C.
750 Main Street
Hartford, CT 06103-2703
(860) 278-5555 (phone)
(860) 249-0012 (fax)
tmurphy@cemlaw.com (e-mail)

- and -

Margaret A. Keeley (Bar No. ct25405)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000 (phone)
(202) 434-5029 (fax)
bsimon@wc.com (e-mail)

*His Attorneys*

CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing Memorandum in Support of Motion to Restore this Matter to the Active Docket for the Limited Purpose of Permitting Mr. Forbes to Intervene and Obtain Public Access to Court Records to be filed electronically and to be served on March 22, 2007 to the following via e-mail:

>   Mark Coyne, Esq. (mark.coyne@usdoj.gov)
>   Michael Martinez, Esq. (michael.martinez2@usdoj.gov)
>   Craig Carpenito, Esq. (craig.carpenito@usdoj.gov)

and to be served on the following via Federal Express:

>   Gary Naftalis, Esq.
>   Kramer Levin Naftalis & Frankel LLP
>   919 Third Avenue
>   New York, NY 10022

Thomas J. Murphy